I2FOGG, Judge.
The defendant, State of Louisiana through the Department of Public Safety and Corrections, Office of State Police, Video Gaming Division, appeals a judgment of the district court that reversed the administrative hearing officer’s decision to revoke the video gaming license of the plaintiff, Bobby P. Gra-bert d/b/a Beck’s. We affirm.
On or about September 26, 1994, several state troopers conducted an undercover operation at Beck’s to investigate complaints that minors were allowed in the establishment and were playing the video poker machines. The troopers were undercover for approximately forty minutes during which time they observed a child approximately twenty-three months of age sitting on his mother’s lap at a video poker machine. The troopers witnessed the child push the buttons on the machine at least three times. Based on these observations, the troopers cited Gra-bert for allowing a minor to play a video gaming device, a violation of LSA-R.S. 33:4862.19 A. Based upon this violation, the Video Gaming Division proposed revocation of the video gaming license of Beck’s.
Grabert requested an administrative hearing which was held on December 7, 1994, at which time the administrative hearing officer found that a minor was allowed to play or operate a video gaming device, a violation of LSA-R.S. 33:4862.19 A and affirmed the revocation of the video gaming license of Beck’s. Grabert then sought judicial review of that decision.
On June 12, 1995, oral arguments were heard in the 19th Judicial District Court. Subsequently, the trial court reversed the decision of the administrative hearing officer. The State of Louisiana appeals the judgment of the trial court and seeks reinstatement of the administrative hearing officer’s decision.
Appellant presents four assignments of error for this court’s consideration. In the first two assignments of error, the appellant argues that the district court judge failed to • *765 cite or specifically delineate a single arbitrary or capricious action, |3manifestly erroneous conclusion, abuse of discretion, or other error by the administrative hearing officer and, therefore, his reversal of that decision represented a substitution of the district court’s judgment for that of the administrative hearing officer. In the last two assignments of error, the appellant argues that LSA-R.S. 33:4862.19 B mandates the revocation of Beck’s license and the district court did not have the plenary power to disregard that legislative mandate. Because all of these assignments of error are related, they will be addressed together.
The standard of judicial review of a decision of an administrative agency is set forth in LSA-R.S. 49:964 G. That statute provides that the court may reverse or modify the decision if substantial rights of the aggrieved party have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous in view of the record as a whole.
In the instant ease, the hearing officer held in pertinent part:
[S]ince the statute makes no exception for minors under the so called age of discernment, I find that the statute and regulation include all minors regardless of their cognitive abilities. I therefore conclude that the Video Gaming Division’s proposed revocation of Plaintiff’s video gaming license is proper.
Appellant argues that the district court failed to cite or specifically delineate a single arbitrary or capricious action by the administrative law judge or find any manifest error or legal or an abuse of discretion which would serve as a basis for reversal of the agency decision upon judicial review. This assertion is clearly incorrect. The trial court, acting in its capacity as an appellate court correctly ruled that its inquiry was limited to a review of the record and a determination whether the result of that hearing was clearly contrary to law. The judge went on to state: “The court does not believe that the conduct in question violates |4the spirit of the cited regulation.” Accordingly, the trial judge did determine that the administrative hearing officer erred as a matter of law in holding that a toddler of twenty-three months was capable of playing or operating a video poker machine. We agree with that conclusion.
Our review of LSA-R.S. 33:4862.19 A convinces us that to construe the phrase “a person under the age of eighteen to play or operate a video draw poker device” to include a toddler on his mother’s lap would lead to absurd results. Courts should avoid constructions which will render legislation absurd. See LSA-C.C. art. 9. Statutes must be interpreted in such a manner as to render their meaning rational, sensible, and logical. State Through Dept. Pub. Safety and Corrections, Office of State Police, Riverboat Gaming Div. v. Louisiana Riverboat Gaming Comm’n. and Horseshoe Entertainment, 94-1872 (La.5/22/95); 655 So.2d 292; Freechou v. Thomas W. Hooley, 383 So.2d 337 (La.1980). It is obvious that the intent of the statute is to prohibit young people from gambling and such intent is meritorious. In the instant case, the toddler, Dexter, while sitting on his mother’s lap, pushed the buttons as instructed by his mother. She testified her purpose for having him there was to keep him entertained while they waited for service and that he wanted to push only the buttons that were lit. Clearly, it was the mother who was playing and operating the video poker machine; she placed the money in the machine and made the decision as to what buttons would be selected. She testified that Dexter did not know what he was doing. Although we certainly do not condone a toddler’s presence around video poker machines, it is clear that one so young is incapable of actually “playing or operating” the machine. In the instant case, Dexter was not independently playing or operating the machine; he was simply being entertained during their wait. The words “play or operate” a video poker device implies a degree of ability which a toddler of twenty-three months simply does not possess.
*766 For the foregoing reasons, we affirm the judgment of the trial | scourt and find that the administrative hearing officer’s ruling that a toddler was playing or operating a video poker machine was erroneous. Costs in the sum of $350.04 are assessed against the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police, Video Gaming Division.
AFFIRMED.
LeBLANC, J., dissents and assigns reasons.
WHIPPLE, J., dissents for reasons assigned by LeBLANC, J.