731 So.2d 399 (1999)
Kenneth M. BERGERON
v.
Edward Lee WATKINS d/b/a Cabinet Man.
No. 98 CA 0717.
Court of Appeal of Louisiana, First Circuit.
March 2, 1999.
*400 Julie A. Steed, Metairie, Louisiana, Walter A. Bond, Baton Rouge, Louisiana, for defendants/appellants, Edward Lee Watkins d/b/a Cabinet Man and Louisiana Workers' Compensation Administration.
Robert C. Lowther, Jr., Covington, Louisiana, for plaintiff/appellee, Kenneth M. Bergeron.
BEFORE: GONZALES, PARRO and FITZSIMMONS, JJ.
GONZALES, J.
This is an appeal by an employer and his workers' compensation insurer, challenging a trial court judgment holding each of them liable for penalties and attorney fees in connection with the handling of a former employee's workers' compensation claim.

FACTUAL AND PROCEDURAL BACKGROUND
Kenneth M. Bergeron was employed as a helper by Edward Lee Watkins, d/b/a Cabinet Man (Mr. Watkins), whose business was cabinet installation and countertop finishing. On January 10, 1997, Mr. Watkins and Mr. Bergeron were carrying a heavy countertop at a jobsite when Mr. Bergeron stepped on a brick and fell, injuring his right knee. That evening, Mr. Bergeron's wife took him to the Lakeview Regional Medical Center emergency room in Covington, Louisiana, where he was diagnosed with an acute right knee ligamentous injury with mild knee effusion, placed in a knee immobilizer, instructed to walk with crutches, and told to consult an orthopedist in three to four days.
According to Mr. Bergeron, he telephoned Mr. Watkins from the emergency room to inquire about the existence of workers' compensation insurance. Although Mr. Watkins did not recall speaking to Mr. Bergeron on the telephone, Mr. Bergeron claims Mr. Watkins told him that he did not have workers' compensation insurance. Mr. Watkins denied making this statement. Mr. Watkins did in *401 fact have insurance with Louisiana Workers' Compensation Corporation (LWCC).
Mr. Bergeron thereafter filed a disputed claim for compensation benefits with the Office of Workers' Compensation. Mr. Watkins and LWCC received notice that the claim had been filed on February 17, 1997. LWCC began paying compensation benefits to Mr. Bergeron on April 3 or 4, 1997, the day it received a medical report from Dr. John B. Logan, an orthopedist, indicating Mr. Bergeron was temporarily, totally disabled.
On June 26, 1997, the matter proceeded to trial before the workers' compensation judge and was then taken under advisement. On December 16, 1997, the workers' compensation judge signed a judgment in favor of Mr. Bergeron, finding (1) Mr. Watkins liable for $4,400.00 in penalties and attorney fees for failing to timely report Mr. Bergeron's accident to his workers' compensation insurer and the Office of Workers' Compensation, and (2) LWCC liable for $9,500.00 in penalties and attorney fees for failing to diligently investigate and process Mr. Bergeron's claim and timely pay benefits to which he was entitled.
Mr. Watkins and LWCC (defendants) appeal from this adverse judgment, asserting the following assignments of error:
1. The workers' compensation judge was manifestly erroneous in finding arbitrary and capricious conduct on the part of LWCC.
2. The workers' compensation judge was manifestly erroneous in finding arbitrary and capricious conduct on the part of Mr. Watkins.
3. The workers' compensation judge was manifestly erroneous in imposing excessive penalties and attorney fees upon the defendants.
Mr. Bergeron answered the appeal, seeking reimbursement of costs and attorney fees associated with answering and defending the appeal and also challenging the appeal as frivolous.

PENALTIES AND ATTORNEY FEES
The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid. La. R.S. 23:1201(B). Louisiana Revised Statute 23:1201(F) provides for the imposition of a penalty when the employer or insurer fails to timely pay, together with reasonable attorney fees.[1] However, penalties *402 and attorney fees are not to be assessed if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. La.R.S. 23:1201(F)(2). A workers' compensation judge's determination as to penalties and attorney fees is ultimately one of fact and his finding should not be disturbed on appeal absent manifest error. Kennedy v. Johnny F. Smith Trucking, 94-0618 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 531.

1. Liability of Mr. Watkins, the employer
The workers' compensation judge found Mr. Watkins liable to Mr. Bergeron for penalties and attorney fees. In reasons for judgment, the workers' compensation judge indicated the award against Mr. Watkins was based on his failure to timely report Mr. Bergeron's accident. The workers' compensation judge correctly determined Mr. Watkins had a duty to report Mr. Bergeron's accident. According to La.R.S. 23:1306, within ten days of actual knowledge of injury resulting in lost time in excess of one week after injury, an employer shall report the injury to his workers' compensation insurer and the Office of Workers' Compensation (OWC). However, we find no authority for the imposition of penalties and attorney fees upon Mr. Watkins for the breach of his duty to report. Statutes allowing for the imposition of penalties and attorney fees are penal in nature and must be strictly construed. Triche v. Regional Electric & Construction, Inc., 95-0105 (La.App. 1 Cir. 10/6/95), 671 So.2d 425, 434. Although La.R.S. 23:1201(F) allows for the imposition of penalties and attorney fees for the failure to timely pay compensation benefits and/or medical benefits, neither this statute, nor any other statute applicable to workers' compensation claims, allows for the imposition of penalties and attorney fees for an employer's failure to timely report an accident. Therefore, the workers' compensation judge erred by concluding Mr. Watkins' failure to timely report Mr. Bergeron's accident subjected him to liability for penalties and attorney fees.
While the workers' compensation judge may have given the wrong reason, he did, however, reach the proper result in assessing penalties and attorney fees against Mr. Watkins. Because appellate review lies only from the workers' compensation judge's judgment, not the reasons therefor, we affirm the imposition of penalties and attorney fees for a different reason. Regardless of the trier of fact's reasons, if a judgment is correct, it should be affirmed. Andre v. Construction Material Shop, 93-1212 (La.App. 1 Cir. 3/11/94), 633 So.2d 1313, 1318.
The record indicates Mr. Watkins had knowledge of Mr. Bergeron's injury on January 10, 1997, the date the accident occurred, because he actually witnessed Mr. Bergeron trip over the brick which caused him to fall and injure his knee. Mr. Watkins testified that Mr. Bergeron worked for the rest of the day but did not return to work after the day of the accident. He stopped by Mr. Bergeron's house four or five days after the accident and saw that he was wearing a splint on his leg to keep it immobilized. Mr. Watkins suggested to Mr. Bergeron that he see Dr. Roch Hontas and offered to give Mr. Bergeron money for anything he needed, but he admitted that he did not specifically offer to pay any particular medical expenses incurred by Mr. Bergeron. Mr. Watkins testified that he understood workers' compensation insurance pays medical bills for injured employees and denied that he told Mr. Bergeron he did not have any workers' compensation insurance. It was stipulated at trial that Mr. Watkins did have workers' compensation *403 insurance with LWCC at the time of the accident.
After seeing Mr. Bergeron injure himself, learning that Mr. Bergeron's leg was in a splint, and knowing he had not returned to work, Mr. Watkins, as Mr. Bergeron's employer, had two options: (1) in accordance with La.R.S. 23:1306, he could report the accident to his workers' compensation insurer and OWC so that Mr. Bergeron's disability claim could be investigated and processed, or (2) in accordance with La.R.S. 23:1201(B), he himself could pay Mr. Bergeron compensation benefits beginning on the fourteenth day after he had knowledge of the injury and disability. The record indicates Mr. Watkins did not report Mr. Bergeron's injury to his workers' compensation insurer and OWC. Thus, under La.R.S. 23:1201(B), Mr. Watkins himself became liable to Mr. Bergeron for compensation benefits on January 24, 1997, the fourteenth day after he had knowledge of Mr. Bergeron's injury and disability. Mr. Watkins did not pay Mr. Bergeron compensation benefits and there is no evidence establishing that Mr. Watkins had cause to "reasonably controvert" Mr. Bergeron's claim or that his nonpayment of benefits was due to conditions over which he had no control.
Thus, we conclude Mr. Watkins became liable to Mr. Bergeron for his failure to timely pay compensation benefits. The amount for which Mr. Watkins is liable shall be discussed later in this opinion.

2. Liability of LWCC, the workers' compensation insurer
The workers' compensation judge also determined LWCC was liable for penalties and attorney fees for its failure to promptly process Mr. Bergeron's claim once it received notice that he had filed a claim for compensation.
It is undisputed that LWCC first received notice of Mr. Bergeron's claim on February 17, 1997. According to Deborah Gremillion, the LWCC claims representative to whom the claim was assigned, she contacted Mr. Watkins the following day, who confirmed that Mr. Bergeron had had an accident at work on January 10, 1997, and had not returned to work. A few days later, Ms. Gremillion contacted Mr. Bergeron's attorney, requesting a recorded statement and any medical records in the attorney's possession. The attorney declined to have his client give a recorded statement, due to the pending litigation, but offered to make him available for deposition purposes. He also notified Ms. Gremillion of Mr. Bergeron's treatment at the emergency room, forwarded a medical release authorization form to her, and advised her that Mr. Bergeron wanted to be treated by Dr. John B. Logan, an orthopedic surgeon. Ms. Gremillion scheduled an appointment for Mr. Bergeron to see a physician of LWCC's choosing on February 25, 1997, but Mr. Bergeron missed the appointment because his attorney's notice of the did not get to him on time.
Mr. Bergeron first saw Dr. Logan on March 4, 1997. Dr. Logan's impression was that Mr. Bergeron had "internal derangement [of his] right knee" and he prescribed physical therapy three times a day for a four-week period. On March 13, 1997, Ms. Gremillion received a request from a physical therapist for approval of outpatient physical therapy for Mr. Bergeron. She noted in her records that Mr. Bergeron had a "right knee and lumbar sprain" and approved the physical therapy for a two-week period. Ms. Gremillion attempted to obtain a medical report from Dr. Logan's office on several occasions, but did not receive one until April 3 or 4, 1997, the day mediation of Mr. Bergeron's claim occurred. Ms. Gremillion began paying Mr. Bergeron compensation benefits on April 4, 1997.
We have reviewed the entire record in this case. We find that the workers' compensation judge was faced with conflicting evidence and chose to give more credibility to the evidence supporting Mr. Bergeron's version of the facts than to the version presented by LWCC. Although Ms. Gremillion *404 did take some action to investigate the extent of Mr. Bergeron's injury, the workers' compensation judge apparently determined that she had sufficient evidence to commence the payment of benefits to Mr. Bergeron long before April 4, 1997. In applying the manifest error standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Thus, if the factfinder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556, quoting Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990).
In the instant case, although we may have weighed the evidence differently, we conclude the workers' compensation judge was presented with more than one permissible view regarding Mr. Bergeron's entitlement to penalties and attorney fees from LWCC. Therefore, the workers' compensation judge's factual findings regarding this matter were not manifestly erroneous.

AMOUNT OF PENALTIES AND ATTORNEY FEES
The defendants claim the penalties and attorney fees awarded by the workers' compensation judge are excessive. The workers' compensation judge found Mr. Watkins liable for $1,900.00 in penalties, representing $50.00 per calendar day for each of the 38 days (from January 10, 1997 through February 17, 1997) he failed to notify his insurer and LWCC of Mr. Bergeron's claim, and for $2,500.00 in attorney fees. The workers' compensation judge also found LWCC liable for $2,000.00 in penalties (the statutory maximum) and $7,500.00 in attorney fees. We conclude the workers' compensation judge erred in (1) assessing more than one penalty and more than one attorney fee award for Mr. Bergeron's claim, and (2) awarding Mr. Bergeron penalties in excess of that authorized by statute.
According to La.R.S. 23:1201(F)(4), Subsection F "shall not be construed to provide for recovery of more than one penalty or attorney fee." Further, the first sentence of La.R.S. 23:1201(F) provides that, during the period compensation or medical benefits remain unpaid, any penalty assessed shall be 12% of any unpaid compensation or medical benefits or $50.00 per calendar day, whichever is greater; provided, however, that the $50.00 per day penalty shall not exceed a maximum of $2,000.00 in the aggregate for any claim. By imposing separate penalty and attorney fee awards against Mr. Watkins and against LWCC, the workers' compensation judge violated the "one penalty only" and "one attorney fee only" limitations of La. R.S. 23:1201(F)(4). Further, as the greater penalty in this case was $50.00 per calendar day, by imposing penalties totaling $3,900.00, the workers' compensation judge violated the $2,000.00 maximum penalty allowed by the first sentence of La. R.S. 23:1201(F).
When a workers' compensation judge's conclusion is based on an erroneous interpretation or application of law, the incorrect decision is entitled to no deference on appeal. Love v. East Jefferson General Hospital, 96-1558 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1247. Thus, because we conclude the workers' compensation judge incorrectly applied La.R.S. 23:1201(F), we owe no deference to his award and we correctly compute the award due Mr. Bergeron in accordance with the statutory guidelines. That is, we conclude (1) there can be only one penalty, (2) that penalty can be no more than $2,000.00 *405 under the facts of this case, and (3) there can be only one attorney fee award, which, in this case we fix at $7,500.00. We now determine how these awards should be assessed.
In accordance with La.R.S. 23:1201(F)(1), any penalty and attorney fees awarded for failure to timely pay compensation benefits shall be "assessed against either the employer or the insurer, depending upon fault." As written, Subsection (F)(1) states that there will be only one party, either the employer or the insurer, against whom a penalty and attorney fees will be assessed for the failure to timely pay benefits. The present case presents a factual setting in which the employer and the insurer are at fault for the failure to timely pay compensation benefits, a factual setting not covered by the provisions of Subsection (F)(1). However, if we were to construe the statute as allowing the imposition of a penalty and attorney fees only when there is one culpable party, but not allowing the imposition of a penalty and attorney fees when there are two culpable parties, this interpretation would lead to the absurd consequence of letting two blameworthy parties, the employer and the insurer, who each violated their respective statutory duties to timely pay compensation benefits, escape liability for such conduct. Courts should avoid constructions which will render legislation absurd. See La.C.C. art. 9. Statutes must be interpreted in such a manner as to render their meaning rational, reasonable, and logical. Grabert v. State, Department of Public Safety and Corrections, Office of State Police, Video Gaming Division, 95-2117 (La.App. 1 Cir. 9/27/96), 680 So.2d 764, 765, writ denied, 96-2607 (La.1/6/97), 685 So.2d 126. Further, the workers' compensation penalty provisions clearly indicate the legislature intended "fault" to be considered in the assessment of a penalty and attorney fees. Our interpretation of Subsection (F)(1), allowing the imposition of a penalty and attorney fees upon two parties because both were "at fault," carries forth the legislative intent of having "fault" be the determinative factor, while at the same time following the statutory mandate that there be only one penalty and one attorney fee award. See Nichols v. Mid-American Van Line, 522 So.2d 1341, 1344 (La.App. 2 Cir.), writ denied, 525 So.2d 1059 (La.1988) (when a literal construction of a statute would lead to absurd results, a reasonable may be drawn consistent with the legislative intent). Thus, under the facts of this case, we interpret La.R.S. 23:1201(F) to allow for the imposition of a single penalty of $2,000.00 and a single attorney fee award of $7,500.00 upon Mr. Watkins and LWCC. In accordance with Subsection (F)(1)'s requirement that the penalty and attorney fees be assessed "depending upon fault," we apportion the award between the parties in accordance with their respective degrees of fault, which we determine to be 50% to Mr. Watkins and 50% to LWCC.

ANSWER TO APPEAL
In his answer to the defendants' appeal, Mr. Bergeron seeks reimbursement of costs and attorney fees associated with answering and defending the appeal and also challenges the appeal as frivolous.
Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial court is forced to and successfully defends an appeal. Genusa v. Dominique, 97-0047 (La.App. 1 Cir. 2/20/98), 708 So.2d 784, 792. We find that an increase in the attorney fee award is not warranted. On appeal, Mr. Bergeron is partially successful because we affirm the workers' compensation judge's conclusion that the defendants are liable to him for a penalty and attorney fees. However, the defendants are also partially successful on appeal because we reduce the amount of the award in favor of the defendants and against Mr. Bergeron. Under these circumstances, we conclude Mr. Bergeron is not entitled to additional attorney fees. For these same reasons, we decline to award damages for frivolous *406 appeal, because this is not a case where it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel was not serious in the position he advocates. Robling v. Allstate Insurance Company, 97-0582 (La.App. 1 Cir. 4/8/98), 711 So.2d 780, 787. The relief requested by Mr. Bergeron in his answer to the appeal is denied.

DECREE
For the foregoing reasons, the judgment of the workers' compensation judge is AMENDED IN PART, AND AS AMENDED, AFFIRMED. It is amended to assess a single penalty of $2,000.00 and a single attorney fee award of $7,500.00 in this case, a total of $9,500.00, to be paid 50% by Edward Lee Watkins and 50% by Louisiana Workers' Compensation Corporation to Kenneth M. Bergeron. In all other respects, the judgment is AFFIRMED. Costs of this appeal are assessed equally among Kenneth M. Bergeron, Edward Lee Watkins, and Louisiana Workers' Compensation Corporation.
NOTES
[1] Louisiana Revised Statute 23:1201(F) provides:

Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance.