879 So.2d 157 (2004)
Donald PETERS
v.
Jenny HARMSEN & LWCC.
No. 2003 CA 1296.
Court of Appeal of Louisiana, First Circuit.
April 2, 2004.
*158 Ted Williams, Baton Rouge, Counsel for Claimant/Appellant Donald Peters.
Terrel A. Thomas, Baton Rouge, Counsel for Defendants/Appellees Jenny Harmsen and Louisiana Workers' Compensation Corporation.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
The claimant-appellant, Donald Peters, appeals an adverse judgment of the Office of Workers Compensation Administration, District 6, dismissing his claim for workers' compensation benefits instituted *159 against his employer, Jenny Harmsen, and her workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 30, 2001, Mr. Peters was employed as a laborer by Jenny Harmsen, performing work at the Dixieland Ranch in Folsom, Louisiana.[1] He claims that he was injured as the result of the collapse of a makeshift wooden ramp as he was pushing a wheelbarrow loaded with wet sawdust and horse manure up the ramp. He reported the alleged accident that morning to Ms. Harmsen, and she observed the broken ramp and the wheelbarrow lying next to it. He sought treatment that day at the emergency room of St. Tammany Parish Hospital, providing a history of the reported accident and complaining of head pain and pain of the left side and low back. He was treated and released, being advised to seek followup care with his regular physician.
The defendants contend that Mr. Peters was a seasonal worker, and that he was advised shortly before the accident date that he would no longer be employed after November 30, 2001, a circumstance which they contend lends suspicion to the credibility of the alleged accident. Mr. Peters, on the other hand, contends that it was only after reporting the accident at issue and seeking information relating to processing his medical bills for payment that he was advised that his employment was terminated.
The medical picture is necessarily complicated by the fact that Mr. Peters was the unfortunate victim of a mugging on December 13, 2001, less than two weeks after the reported accident and before he sought further treatment. In that incident, he suffered a serious injury to his left eye, including a detached retina, as well as trauma to the chest and a laceration of the left parietal area of the scalp.
Mr. Peters filed his claim for compensation benefits on January 11, 2002. Ms. Harmsen and LWCC filed their answer on May 15, 2002, denying that Mr. Peters sustained an accident and injury during the course and scope of his employment. In their subsequent pretrial statement, the defendants conceded the occurrence of the accident, but denied that any claimed disability was caused by the accident, as opposed to the intervening mugging. Shortly prior to the trial of the claim, LWCC tendered payment of one week of temporary total disability benefits to Mr. Peters.
The trial was conducted on January 8, 2003. At the conclusion of the trial, the workers' compensation judge (WCJ) ruled that Mr. Peters failed to prove that an on-the-job accident occurred. The WCJ further found that even if an accident had occurred, he did not prove a causal relationship between the claimed accident and his subsequent medical problems. In her signed judgment, the WCJ stated her factual conclusion that Mr. Peters "did not meet his burden of proof to show that he sustained ... an accident and injury within the course and scope of his employment" and dismissed his claim with prejudice. *160 From that judgment, Mr. Peters instituted the present appeal.

ANALYSIS
In a workers' compensation case, as in other civil cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. Pertuis v. Architectural Fabrications, Inc., 01-2684, p. 6 (La.App. 1st Cir.12/20/02), 836 So.2d 450, 453, writ denied, 03-0231 (La.4/4/03), 840 So.2d 1216. The two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court, and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the WCJ's finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a WCJ's factual finding only if, after reviewing the record in its entirety, it determines the WCJ's finding was clearly wrong. Dressel v. Topeka Transfer & Storage, 02-0779, pp. 4-5 (La.App. 1st Cir.3/28/03), 844 So.2d 288, 291; Mitchell v. Terrebonne Parish School Board, 02-1021, pp. 3-4 (La. App. 1st Cir.4/2/03), 843 So.2d 531, 532-33, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135. If the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State Through Department of Transportation and Development, 617 So.2d 880, 883 (La. 1993); Palace Properties, L.L.C. v. Sizeler Hammond Square Limited Partnership, 01-2812, p. 6 (La.App. 1st Cir. 12/30/02), 839 So.2d 82, 89, writ denied, 03-0306 (La.4/4/03), 840 So.2d 1219.
For purposes of workers' compensation, an "accident" is statutorily defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La. R.S. 23:1021(1). An "injury" is defined as including "only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom," as opposed to other forms of disease from other causes. La. R.S. 23:1021(7)(a).
A workers' compensation claimant has the burden of proof to establish that a work-related accident occurred by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is afforded great weight. Id. In Bruno, the Louisiana Supreme Court stated that a worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Id. Therefore, if the worker testifies that he suffered an accident, a court must then look to see if the *161 Bruno elements are satisfied. Coats v. American Tel. & Tel. Co., 95-2670, p. 5 (La.10/25/96), 681 So.2d 1243, 1245.
As correctly observed by Mr. Peters, the defendants did not seriously challenge the occurrence of the accident itself in their pleadings and pretrial statement. After review of the record and the evidence, we conclude the WCJ was clearly wrong in determining that no "accident" occurred. But this does not end our inquiry.
The WCJ based her factual conclusion that no accident occurred on her factual finding that the preponderance of the evidence did not establish a connection between Mr. Peters's medical conditions and the claimed "accident." That factual finding was in turn based upon her assessment of Mr. Peters's credibility relating to his complaints and treatment, weighed in light of its inconsistency with other evidence and testimony. Strictly speaking, this may have been "putting the cart before the horse." Certainly, the WCJ as trier of fact arrived at her factual conclusions after considering all of the evidence, and the issues relating to the accident itself and the etiology of Mr. Peters's subsequent complaints were intertwined. Applying the Bruno standard to the evidence relating to the incident itself, we conclude that the factual questions raised regarding the weight and position of the wheelbarrow as described by Mr. Peters and the exact mechanism of his fall do not raise "serious doubt" as to his version of the incident. The acknowledged fact of his immediate verbal report of the incident to Ms. Harmsen, the condition of the ramp and position of the wheelbarrow observed by her, and the accident description recorded in the hospital records of that date constitute sufficient corroborative circumstances entitling his testimony relating to the occurrence of the incident itself to great weight. But we also conclude that the WCJ's error on this issue was harmless error, as explained below.
The trial court's finding regarding causation is a factual finding and must be reviewed under the manifest error standard. Robling v. Allstate Insurance Company, 97-0582, p. 4 (La.App. 1st Cir.4/8/98), 711 So.2d 780, 783. The WCJ took express notice of a number of inconsistencies in Mr. Peters's testimony and the evidence relating to his medical history, conditions and treatment. Mr. Peters testified that he last used a cane some ten years prior to the trial, a fact contradicted by the testimony of his treating physician, Dr. Casama, who testified that he was using a cane when seen on November 5, 2001, complaining of a left arm injury. Additionally, the WCJ obviously gave considerable weight to the testimony of Mr. Ray Willie, a disinterested witness who testified he saw Mr. Peters, whom he knew to be Ms. Harmsen's employee, using crutches some time before the accident, a fact specifically denied by Mr. Peters.
Of significance to the causation issue was the fact that Dr. Casama did not first see Mr. Peters with regard to his alleged work-related injuries until January 7, 2002, or three weeks after the mugging. Dr. Casama admitted that if Mr. Peters did not complain of neck pain prior to the mugging, and complained of it soon after the mugging, the mugging was likely the cause of that complaint. He further testified that although Mr. Peters's complaints of low back pain and radicular leg pain were consistent with trauma from the reported accident, they were also consistent with pre-existing degenerative arthritis and prior hip injuries and surgery. Mr. Peters's treating chiropractor, Dr. Mroski, expressed the same opinion regarding the cause of the neck pain, assuming that complaint was not documented until after the *162 mugging. Like Dr. Casama, Dr. Mroski did not have the benefit of first examining Mr. Peters for his claimed work-related injuries until weeks after the mugging, and Dr. Mroski did not review any records relating to the injuries from the mugging.
Both doctors' opinions on the relationship of Mr. Peters's complaints to the accident at issue were based largely on the history provided by Mr. Peters. The credibility of the plaintiff is especially significant when a physician must relate a medical condition to an accident when it is the plaintiff who provides a physician with a history of his symptoms. Mart v. Hill, 496 So.2d 1149, 1152 (La.App. 4th Cir. 1986), reversed on other grounds, 505 So.2d 1120 (La.1987). Similarly, a claimant's lack of credibility on factual issues can serve to diminish the veracity of his complaints to a physician. Bass v. Allstate Insurance Company, 32,652, p. 14 (La. App. 2nd Cir.1/26/00), 750 So.2d 460, 467. Thus, in many cases the credibility of the history given by the claimant to his physicians becomes as important as the medical opinions based in part on that history. See Cheatum v. Wackenhut Corporation, 346 So.2d 888, 890 (La.App. 4th Cir.1977). The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony. Lirette v. State Farm Insurance Company, 563 So.2d 850, 853 (La.1990).
The trial evidence, taken in toto, admits of two opposing views on the issue of causation. As the WCJ's finding on the issue of causation was based upon her determination of witness credibility, it is entitled to great deference. See Rosell, 549 So.2d at 844. Although we may have reached a different result if we were determining this issue as trier of fact, we cannot find that the WCJ's determination regarding this issue was manifestly erroneous. See Stobart, 617 So.2d at 882.
That the WCJ may have couched the primary rationale for her judgment in terms of the absence of an accident does not taint the validity of her judgment. A trial court's reasons for judgment, while defining and elucidating a case, form no part of the official judgment it signs and from which appeals are taken. Northshore Regional Medical Center v. Parish of St. Tammany, 96-0717, p. 7 (La.App. 1st Cir.12/20/96), 685 So.2d 614, 617. Regardless of the trier of fact's reasons, if a judgment is correct, it should be affirmed. Bergeron v. Watkins, 98-0717, p. 5 (La.App. 1st Cir.3/2/99), 731 So.2d 399, 402. The WCJ's judgment is based upon the stated factual finding that Mr. Peters failed to prove "an accident and injury within the course and scope of his employment." (Our emphasis.) We accordingly affirm the WCJ's judgment.

DECREE
The judgment of the Office of Workers' Compensation Administration, District 6, is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Donald Peters.
AFFIRMED.
NOTES
[1] The identity of Mr. Peters's actual employer is somewhat clouded. He evidently believed he was actually employed by Jake Morreale, for whom Ms. Harmsen worked. His claim for workers' compensation originally named Mr. Morreale as employer. Nevertheless, it appears that Mr. Peters was employed by Ms. Harmsen, who in turn was a contractor engaged by Mr. Morreale, as principal and primary contractor. It is undisputed that LWCC provided workers' compensation coverage to Ms. Harmsen as employer at the time of the reported accident.