897 So.2d 64 (2004)
Katherine BILLIOT
v.
WAL-MART STORES, INC.
No. 2003 CA 2451.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*65 Prescott L. Barfield, Michael W. Whitehead, Covington, Counsel for Plaintiff/Appellee, Katherine Billiot.
Frank A. Flynn, Lafayette, Counsel for Defendant/Appellant, Wal-Mart Stores, Inc.
Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
Defendant/appellant, Wal-Mart Stores, Inc. (Wal-Mart), appeals the trial court assessment of $4,000.00 as penalties and $20,000.00 in attorney fees premised on its arbitrary and capricious conduct and failure to reasonably controvert a workers' compensation claim by plaintiff/appellee, Katherine Billiot. Following this court's review of the facts and applicable law, we affirm.
*66 It is not disputed that Mrs. Billiot experienced serious brain injuries when she fell on June 28, 1999, while working as a produce manager for Wal-Mart, Inc. She sustained a bilateral basal skull fracture that required immediate surgery. Mrs. Billiot's neurosurgeon, Stefan G. Pribil, M.D., stated that he removed clotted blood and a substantial part of necrotic brain tissue. These portions of her brain, which impacted her memory and integrative abilities, would never regenerate.[1]
Harold M. Ginzburg, M.D., the only neuropsychiatrist to treat Mrs. Billiot, first saw her on January 31, 2001. Ms. Billiot's chief complaint was chronic severe headaches, which Dr. Ginzburg testified were consistent with loss of brain fluid. His general diagnosis was "dementia due to head trauma, which required neurosurgical intervention; extensive residual cognitive, memory, and cranial nerve damage with secondary mood disorder due to the closed head trauma." Dr. Ginzburg testified at trial that Mrs. Billiot additionally lacked vision in one quarter of her eyes, her sense of smell had decreased, and she displayed hearing and balance problems. There was also evidence of mood and personality disorder.
Dr. Ginsburg referred Mrs. Billiot to Kevin J. Bianchini, Ph.D., a neuropsychologist, who performed tests on Mrs. Billiot in the spring of 2001. In a report referencing an April 2001 evaluation, Dr. Bianchini suggested a two to three month neurological rehabilitation program, which could be performed at a facility such as Bancroft Rehabilitation Center (Bancroft). Thereafter, in correspondence to Wal-Mart's insurance claims specialist, dated October 5, 2001 and October 10, 2001 respectively, Dr. Bianchini recommended, "along with Dr. Ginzburg," that Mrs. Billiot be placed at Bancroft, a CARF accredited facility.
At issue is Wal-Mart's denial of Mrs. Billiot's request for admission to Bancroft. Significantly, there is no evidence of any action taken by Wal-Mart relative to the request for admission to Bancroft from October 2001 until September 13, 2002.[2] In September 2002, Dr. Barth, a neuropsychologist selected by Wal-Mart, disputed the propriety of the treatment at Bancroft prior to addressing the role of medications taken by Mrs. Billiot. Thereafter, the Office of Workers' Compensation requested an independent medical examination on behalf of Wal-Mart. Mrs. Billiot was seen on November 13, November 22, and December 9, 2002 by Cary Rostow, Ph.D., a state appointed neuropsychologist. Dr. Rostow recommended treatment of Mrs. Billiot in a pain clinic prior to addressing Mrs. Billiot's cognitive disorders.

AWARD OF ATTORNEY FEES AND PENALTIES
Louisiana Revised Statute 23:1201E provides, in part: "Medical benefits... shall be paid within sixty days after the employer or insurer receives written notice thereof." Thereafter, La. R.S. 23:1201F states, in part:
Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required *67 by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.
The imposition of penalties and attorney fees by a court for the refusal to pay workers' compensation benefits presents a factual question that will not be disturbed upon review absent manifest error. Haws v. Professional Sewer Rehabilitation, Inc., 98-2846, p.10 (La.App. 1 Cir. 2/18/00), 763 So.2d 683, 691. Reversal of a workers' compensation judge's factual findings necessitates a determination that a reasonable basis does not exist for the findings and that the record establishes that the findings are clearly wrong. Scott v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 6 (La.App. 1 Cir. 2/23/04), 873 So.2d 664, 669.
In the instant case, both Mrs. Billiot's treating neuropsychologist, Dr. Bianchini, and her treating neuropsychiatrist, Dr. Ginzburg, advocated admission to Bancroft for cognitive therapy. Dr. Ginzburg was the only medical physician to take a position on the propriety of admission to Bancroft. The divergent opinion from Wal-Mart's neuropsychologist was not forthcoming until September 13, 2002. The independent medical examiner, Dr. Rostow, did not object to the neurological rehabilitation at Bancroft; however, he asserted that it should be preceded by treatment for pain management.[3] Thus, we are presented with a situation in which a claimant with an admittedly serious brain injury was stymied in receiving pain management treatment and/or neurological rehabilitation due to inaction on the part of Wal-Mart.
Wal-Mart's failure to undertake any responsive action to the formal request for treatment at Bancroft until almost a year later violates the sixty-day requirement enunciated in La. R.S. 23:1201E. Additionally, Wal-Mart's belated presentation of opposing points of view by neuropsychologists as to the timing and propriety of treatment fails to rise to the level of a reasonable controversy, given the recommendations of both Mrs. Billiot's neuropsychologist and neuropsychiatrist. We do not find that the trial court manifestly erred in its award of penalties and attorney fees.

EXCESSIVE PENALTIES AND/OR ATTORNEY FEES
In its assignment of error, Wal-Mart asserts "unreasonable and/or excessive penalties and/or attorney fees." Although Wal-Mart does not develop its argument as to excessiveness in the brief, the provisions of La. R.S. 23:1201F state that a "penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim." In this instance, Mrs. Billiot has asserted a single claim for medical benefits; therefore, the highest penalty that can be statutorily awarded would be $2,000.00. Accordingly, the award in penalties is reduced to $2,000.00. We do *68 not find that the workers' compensation court abused its discretion in its award of attorney fees. See State, Department of Transportation and Development v. Williamson, 597 So.2d 439, 442 (La.1992). Costs associated with this appeal are assessed to Wal-Mart Stores, Inc.
AFFIRMED AS AMENDED.
NOTES
[1] Thereafter, Mrs. Billiot was transferred to Touro Infirmary's Outpatient Program for neurological rehabilitation through September 1999. Subsequently, she suffered from chronic brain fluid leakage, necessitating an invasive procedure via her ear.
[2] Dr. Ginsburg's notes, dated November 9, 2001, relate that Mr. Billiot informed him that Wal-Mart would not approve Mrs. Billiot's treatment at Bancroft.
[3] As a general rule, the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. Id.