BRENDA JEAN BARBER AND JOSEPH BARBER
v.
HOLLY S. SEQUIN, FARM BUREAU INSURANCE COMPANIES & PROGRESSIVE INSURANCE COMPANY.
No. 2009 CA 1370.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
A.J. PAUL FREDRICKSON, II, ROBERT W. WILLIAMS, III, Counsel for Plaintiffs/Appellants, Brenda Jean Barber and Joseph Barber.
STACEY MOAK, CHRISTOPHER A. MASON, Counsel for Defendants/Appellees, Holly Sequin and Louisiana Farm Bureau Casualty Insurance Company.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
This litigation arises out of a rear-end motor vehicle collision that occurred on February 6, 2002, in Baton Rouge, Louisiana, involving a vehicle operated by Brenda Jean Barber and a vehicle operated by Holly Sequin. Mrs. Barber and her husband, Joseph Barber, filed a Petition for Damages on January 31, 2003, naming Holly Sequin and her insurer, Louisiana Farm Bureau Casualty Insurance Company[1], as defendants.[2] Mrs. Barber claimed she sustained numerous injuries to several parts of her body, including an exacerbation of a pre-existing TMJ disorder that she suffered as a result of a prior automobile accident in 1989 or 1990.
Mrs. Barber sought treatment with Michael J. Kadair, D.D.S., on February 20, 2002. Dr. Kadair noted that Mrs. Barber presented several symptoms that were consistent with TMJ, including occipital headaches and pain behind her ear. Dr. Kadair also noted that Mrs. Barber had been involved in a prior accident wherein she suffered a TMJ disorder and had been treated by J.B. Smith, D.D.S. Mrs. Barber reported that she was symptom-free following the prior treatment with Dr. Smith and that she had not experienced any pain relative to her TMJ condition until the motor vehicle accident at issue. Dr. Kadair opined that the February 6, 2002, accident did not cause Mrs. Barber's TMJ, but exacerbated her pre-existing condition to the point where it needed to be treated and managed again. Dr. Kadair diagnosed Mrs. Barber with having a "chronic TMJ...and acute episode TMJ, with internal derangement." Dr. Kadair treated Mrs. Barber's condition with splint therapy for approximately thirteen months.
Following trial, the court found Sequin was solely at fault in causing the accident. The trial court found that Mrs. Barber had suffered a one to two month injury and awarded Mrs. Barber $4,288.58 for medical expenses, $1,500 for loss of enjoyment of life, and $4,000 for pain and suffering.[3] Mrs. Barber and her husband have filed the instant appeal asserting that the trial court abused its discretion in failing to award Mrs. Barber damages for the costs of the splint therapy treatment and further general damages related to her TMJ condition.
Plaintiffs assert that the symptoms associated with Mrs. Barber's exacerbation of her TMJ disorder did not manifest themselves until the accident at issue. Moreover, plaintiffs assert that Dr. Kadair never vacillated with regard to his opinion that the accident exacerbated Mrs. Barber's pre-existing TMJ condition. Plaintiffs conclude that the trial court's failure to award Mrs. Barber general and special damages for the thirteen-month exacerbation and treatment of her TMJ disorder was clearly wrong and inconsistent with the law and the evidence.
Dr. Kadair's belief that the motor vehicle accident exacerbated Mrs. Barber's preexisting TMJ condition was based largely upon the history Mrs. Barber reported to him. A claimant's lack of credibility on factual issues, however, can serve to diminish the veracity of her complaints to a physician. Peters v. Harmsen, XXXX-XXXX, p. 8 (La.App. 1 Cir. 4/2/04), 879 So.2d 157, 162. It is apparent that the trial court did not find Mrs. Barber to be a credible witness. First, the trial court noted that it was clear that the damage Mrs. Barber alleged her vehicle sustained in the accident "was done by something other than the automobile that was following." Also, Mrs. Barber had been involved in numerous other accidents both before and after the accident at issue wherein she sustained various injuries. In addition to damages related to her TMJ condition, Mrs. Barber also alleged that she incurred medical specials totaling over $86,000, plus an unspecified amount of lost wages, future medical specials, and general damages as a result of this accident. Nevertheless, after reviewing the entirety of the medical records, the court found that Mrs. Barber was treating for her other injuries prior to the accident and that the "problems associated with this [accident] are a minor pain and inconvenience." Accordingly, the trial court could reasonably question the veracity of Mrs. Barber's complaints to Dr. Kadair with regard to the history she reported and the onset of her symptoms.
We also note that Dr. Kadair acknowledged that Mrs. Barber had seven teeth extracted prior to the accident, which resulted in a misaligned bite that could have contributed to her problems. This may also have contributed to the trial court's apparent rejection of Dr. Kadair's opinion as to causation. The trial court may accept or reject in whole or in part an opinion expressed by an expert. Ivy v. V's Holding Co., XXXX-XXXX, p. 6 (La.App. 1 Cir. 7/2/03), 859 So.2d 22, 28. The effect and weight to be given expert testimony is within the broad discretion of the trial court. Id. Further, the rule that questions of credibility are for the trier of fact also applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. Ryan v. Zurich American Ins. Co., 2007-2312, p. 12 (La. 7/1/08), 988 So.2d 214, 222.
In light of the foregoing and after considering the entirety of the record, we conclude that the trial court was not "clearly wrong" and that a reasonable factual basis exists in the record to support the trial court's finding. See Weatherford v. Commercial Union Ins., 94-1793, p. 5 (La. 2/20/95), 650 So.2d 763, 765-66. Accordingly, we affirm the trial court's judgment by memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1(B). Costs of this appeal are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] Louisiana Farm Bureau Casualty Insurance Company is incorrectly named as Farm Bureau Insurance Company in the Petition for Damages.
[2] Plaintiffs also named Mrs. Barber's uninsured/underinsured motorist carrier, Progressive Insurance Company, as a defendant. Progressive subsequently tendered its policy limits of $25,000 and was released from the litigation.
[3] Mr. Barber was awarded $1,500 for loss of consortium damages.